UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARCUS BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-292-HSM-DCP |
| | ) | |
| TELPERION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion to Compel Discovery Responses, Deem Requests Admitted, and Amend Scheduling Order [Doc. 12]. Plaintiff has not responded to Defendant's Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Accordingly, the Court has considered Defendant's requests and finds them to be well taken in part, and therefore, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART** [**Doc. 12**].

I.      **ANALYSIS**

In the instant Motion, Defendant requests that the Court: (1) compel Plaintiff to respond to written discovery, (2) deem requests for admission admitted, and (3) amend the Scheduling Order. For grounds, Defendant states that it served its First Interrogatories and Requests for Production of Documents to Plaintiff on December 7, 2018. In addition, on the same day, Defendant served

Plaintiff with Requests for Admission pursuant to Federal Rule Civil Procedure 36. Defendant states that as of the date of its Motion, Plaintiff has not responded to the above discovery requests.

Defendant explains that it contacted Plaintiff on numerous occasions, but Plaintiff has not responded to the discovery requests. Defendant includes a certification [Doc. 12-1], stating that it attempted to confer in good faith with Plaintiff in order to resolve the pending discovery disputes, but such attempts have been unsuccessful.

The Court will address Defendant's requests separately.

**A.     Compel Discovery Responses**

As mentioned above, Defendant served its First Interrogatories and Requests for Production of Documents to Plaintiff on December 7, 2018. Plaintiff has not responded to Defendant's discovery requests, and he has not filed a response to the instant Motion.

Pursuant to Federal Rule of Civil Procedure 37(a) and (b), a party may move for an order compelling answers to interrogatories and production of documents. Because Plaintiff did not respond to the Motion, and has not complied with his discovery obligations, the Court finds Defendant's request well taken. Plaintiff **SHALL** respond to Defendant's First Interrogatories and Requests for Production of Documents within fourteen (14) days of entry of the instant Memorandum and Order. Plaintiff is hereby **ADMONISHED** that the failure to respond may warrant sanctions, up to and including dismissal of this action. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Defendant also seeks reasonable expenses, including attorney's fees, associated with filing the Motion. Pursuant to Rule 37(a)(5)(A):

> If the motion is granted . . . the court, must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the

conduct, or both to pay the movant's reasonable expenses incurred
in making the motion, including the attorney's fees.

Further, under Rule 37(a)(5)(A), the Court cannot award reasonable expenses if the movant failed to file the good-faith certification, the opposing party's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

As mentioned above, Plaintiff has not responded to Defendant's discovery requests, despite repeated requests to do so, and he has not responded to the instant Motion. The Court finds an award of reasonable expenses, including attorney's fees, appropriate in this matter. *See Knights Armament Co. v. Optical Sys. Tech., Inc.,* 254 F.R.D. 470, 472 (M.D. Fla. 2008) (explaining that defendant was on notice that plaintiff sought reasonable attorney's fees and had an opportunity to be heard when it responded to plaintiff's motion to compel); *Sebring Homes Corp. v. T.R. Arnold & Assocs., Inc.,* 927 F. Supp. 1098, 1104 (N.D. Ind. 1995) (explaining that plaintiffs had an opportunity to be heard but did not respond to the defendant's motion and that the "court can consider such questions on written submissions as well as on oral hearings") (quoting Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment). Further, because Plaintiff did not respond to the Motion, the Court cannot find that his nondisclosure was substantially justified or that other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Defendant **SHALL** submit its reasonable expenses incurred in preparing the instant Motion to Plaintiff within fourteen (14) days of entry of this Memorandum and Order. If the parties dispute the reasonableness of the expenses incurred, they may bring the matter to the Court's attention.

### B.     Requests for Admission

Defendant states that it served its Requests for Admission on December 7, 2018. On January 18, 2019, defense counsel wrote to Plaintiff's counsel regarding the outstanding discovery

and also advised him that the thirty-day deadline to respond to the Requests for Admission had lapsed. Defense counsel stated that he believed that the requests are admitted for purposes of this civil action. Plaintiff's counsel did not respond to this correspondence. Defendant states that as of the date of the Motion, Plaintiff has failed to provide responses to the Requests for Admission, and the time for doing so has expired.

Federal Rule of Civil Procedure 36(a)(3) provides as follows:

> **(3)** *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Under Rule 36(b), a request for admissions that is not responded to within the applicable time period "is conclusively established unless, the court, on motion permits withdrawal or amendment of the admission." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997) (citing Fed. R. Civ. P. 36(b)). Courts have discretion to "permit a longer time for a written answer to a request for admission and to accept the filing of an answer that would otherwise be untimely." *United States v. Petroff-Kline*, 557 F.3d 285, 294 (6th Cir. 2009). "[A] formal motion [to withdraw an admission] is not always required," and "a withdrawal may be imputed from a party's actions, including the filing of a belated denial." *Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 F. App'x 451, 458 (6th Cir. 2017) (quoting *Petroff-Kline*, 557 F.3d at 293–94).

In the instant matter, Plaintiff has not responded to the Requests for Admission, and therefore, they are deemed admitted. Further, the Court cannot properly consider whether Plaintiff should be given a longer time to respond to the Requests for Admission because he did not respond to the instant Motion or request an extension. Accordingly, the Court finds that the Requests for Admission [Doc. 13-1 at 20-22] are **DEEMED ADMITTED**.

## C. Scheduling Order

Finally, Defendant requests that the Scheduling Order be amended. Specifically, Defendant requests that the trial date be continued and that the unexpired deadlines be reset. Defendant states that Plaintiff's failure to participate has prejudiced it, making it impractical for Defendant to meet the current deadlines. Defendant states that without written discovery and an opportunity to take Plaintiff's deposition, it cannot properly defend itself in this civil action.

The Court declines to modify the deadlines or the trial date contained in the Scheduling Order at this time, as it is unclear what discovery needs to be taken given the Court's orders above. Further, the Court observes that the trial in this matter is set for October 1, 2019, leaving the parties sufficient time to prepare for trial. After Defendant has received and reviewed the above discovery from Plaintiff, Defendant may renew its request to extend the deadlines.

## II. CONCLUSION

Accordingly, for the reasons stated above, Defendant's Motion to Compel Discovery Responses, Deem Request Admitted, and Amend Scheduling Order [**Doc. 12**] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge